# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| TYQUAN STEWART, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CAUSE NO.: 1:18-CV-20-TLS |
| vs. | ) | |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Tyquan Stewart, a pro se prisoner, filed a Habeas Corpus Petition [ECF No. 1] attempting to challenge his conviction and two year sentence for theft imposed by the Allen County Superior Court on January 20, 2015. However, habeas corpus petitions are subject to a strict one-year statute of limitations. There are four possible dates from which the limitation period begins to run.

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Question 9 on the Petition asked Stewart to explain why the Petition is timely. In response, he wrote:

> I am mentally ill and after my release I contacted several lawyers pertaining to this. I even filed a lawsuit in federal court. I was indigent and couldn't afford counsel. The lawyer told me $10,000 for post conviction.

(Pet. 5, ECF No. 1.) Neither this answer nor the claims raised in the Petition indicate that the claims are based on newly discovered evidence or a newly recognized constitutional right. Neither is there any indication that a state-created impediment prevented Stewart from filing his federal Petition on time. Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the one-year period of limitation began on the date when the judgment became final upon the expiration of the time for seeking direct review of his conviction and sentence.

Here, Stewart pled guilty and was sentenced on January 30, 2015. He did not file a direct appeal. The deadline for doing so expired on March 2, 2015. *See* Indiana Rules of Appellate Procedure 9.A.(1) and 25.A. Therefore the one-year period of limitation began to run on March 3, 2015, and ended one year later. Because his habeas corpus Petition was not signed until almost two years later, on January 31, 2018, it is untimely.

Stewart argues that he is mentally ill, but "it is well established in this Circuit that circumstances such as youth, lack of education, and illiteracy are not external impediments within the context of excusing procedural default." *Harris v. McAdory*, 334 F.3d 665, 669 (7th

Cir. 2003). *Harris* went on to hold that neither mental retardation, mental deficiencies, nor mental illness alone demonstrate cause to excuse procedural default. So too, there is no exemption to the one-year period of limitation for mental illness.

Additionally, even if the Petition were timely, Stewart has not exhausted his claims in the state courts. To exhaust a claim, "the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). Here, he has not presented any of his claims to the Indiana Supreme Court. Therefore his claims are unexhausted.[1]

## APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to a petitioner. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). As explained, here, the Petition was not timely filed, and if it were, the claims are unexhausted. Nothing before the Court suggests that jurists of reason could debate the correctness of this

---

[1] There is yet even another obstacle for Stewart. To obtain habeas corpus relief, a petitioner must be "in custody." 28 U.S.C. § 2254(a). This requires that the "habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–491 (1989). Here, Stewart indicates that he is challenging a two year sentence imposed on January 30, 2015. But, at the time Stewart filed this Petition, it does not appear that he was incarcerated on any charge, much less this one.

procedural ruling or find a reason to permit this case to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For these reasons, the Petition [ECF No. 1] is DENIED, pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and the Petitioner is DENIED a certificate of appealability.

SO ORDERED on February 12, 2018.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT